HARRY DRANOW, Respondent, *v.* JULIUS WEINGARTEN and Another, Appellants.

First Department, May 29, 1930.

*Irving Schneider* of counsel [*Engel Brothers*, attorneys], for the appellants.

*Osborne A. McKegney* of counsel [*T. Emory Clocke*, attorney], for the respondent.

MARTIN, J. This appeal presents for review the construction of a partnership agreement evidently prepared by the parties to the action.

The complaint sets forth that on the 24th day of April, 1925, an agreement in writing was entered into between the plaintiff and defendants by the terms of which there became due to the plaintiff from the defendants $2,500, their share of the rental obligation of a hotel to be operated by the parties; that the $2,500 was to be paid in three installments on three different dates. It is also alleged that the first two installments amounting to $750 were paid, and that the payment of the third installment of $1,750 was extended from August 10 to September 8, 1925, which installment has not been paid.

The defendants in their answer deny that there is anything due the plaintiff by virtue of the contract in question, for the reason that the $1,750 was to be paid to the partnership out of the net profits to be derived by the defendants from the copartnership venture of running the hotel for the summer season of 1925. The answer further alleges that there were no profits and further sets forth that the arrangement was a copartnership venture in which all were to share the profits and losses.

The portion of the agreement which bears upon the main issue is contained in the 4th paragraph thereof. It sets forth the manner in which the payment of the $2,500 was to be made, namely, $500 on the signing of the contract; $250 on May 15, 1925, both of which payments it is admitted by the plaintiff were made; and $1,750 to be paid out of the net profits and earnings during the first season the hotel was operated.

The respondent attempted to avoid this clause of the contract by offering parol evidence to the effect that he understood he was to be paid the $1,750 in any event. The defendants contend that the testimony should not have been admitted; that there was no ambiguity in the contract and no such claim was made in the complaint. The defendants' contentions are correct. The contract, although badly drawn, is complete in its terms. The cause of action in its entirety was based on the written contract. The plaintiff is bound by the terms of the written contract and may not base an action on what he now says he understood was the agreement.

The contract provides in part as follows: " Whereas, the party of the first part is now the owner of certain premises situated in the Town of Milford, Pa., known as the Colonial Hotel, and whereas the parties hereinabove mentioned are desirous of entering into *any* [*sic*] *agreement of partnership* for the purpose of conducting the hotel,

and boarding house during the summer seasons for a period of two years with the privilege for an additional year, at the option of the party of the second part."

By this partnership agreement the rental value of the property was fixed at $5,000 as a basis upon which to require contribution. The plaintiff gave the use of the property in lieu of the payment of $2,500, the amount fixed as his contribution under the agreement.

The contract also provides: " That it is understood and agreed that the rental value shall be $5000 (Five Thousand Dollars), this rental is to be apportioned as follows: The first party contributes hereby the value of his share of $2500, by surrendering the real property, and the second party is to contribute same by making payments as more fully hereinafter mentioned: The second party is to pay the sum of $500, being his share of the investment to this partnership at the signing of this agreement, receipt whereof is hereby acknowledged, and $250, to be payable on or before May 15th, 1925, being the date of taking possession, and the balance of his share of the rental of $1750, to be payable on August 10th, 1925, *and same is to be derived from his share of the net proceeds of the earnings of the said first season.*"

The question now arises whether two members of this partnership are bound to pay the other member a share of the rent although it is admitted that the partnership transaction was a failure financially and although the part of their contribution which plaintiff now seeks to recover was to be " *derived* " from the profits only.

Several other clauses of the contract aid in showing the intention of the parties:

" It is further understood and agreed, by and between the respective parties hereto, that after the second party has paid in *his full share of the rental,* each one has the privilege to draw, his share of the net profits from the business. * * *

" The parties hereto shall share equally the profits that may be derived from the business, after the first party has paid in his full share of the rental value * * *.

"All moneys taken in by the business shall be deposited in the First National Bank of Milford, Pa., and shall be subject to withdrawal by checks, which checks shall be signed by both parties to this agreement."

It was conceded by the plaintiff and admitted on the record, that at no time were there any profits. The plaintiff calls attention to the fact that the defendants' time to pay was extended. The defendants testified that the extension was granted on condition that the payment was to be made if there should be profits, and

there being no profits there was no obligation on their part to make any payment on account of the last installment of $1,750.

The plaintiff must not overlook the fact that this action grows out of a partnership agreement. The intention of the parties must be drawn from that agreement which clearly states that "the second party is to pay the sum of $500, being his share of the investment to this partnership at the signing of this agreement, * * * and the balance of his share" from certain profits. This language indicates very clearly that the payments were to be made not to the plaintiff but to the partnership and were to be made only in the event there were profits.

In making the contention that plaintiff should be paid for the use of his hotel and should not sustain any losses, the respondent ignores the fact that in reality the partnership is responsible for the lease and that the defendants have lost the use of their time in operating the hotel, except in so far as they were paid a nominal amount each week. If there is anything to account for, there may be an accounting. There appears, however, to be no dispute that there were no profits and that the partnership resulted in the defendants' loss of money and the time given by them in managing the hotel, while the plaintiff lost the use of his property.

We have reached the conclusion that the plaintiff has no cause of action. It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., MERRELL, O'MALLEY and SHERMAN, JJ., concur.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.